IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CASEY D. COPELAND                                               PLAINTIFF

v.                              No. 4:21-cv-477-DPM

MARTY SULLIVAN, In his Official Capacity
as Director, Arkansas Administrative Office
of the Courts, and STASIA BURK MCDONALD,
In her Official Capacity as Director of the
Administrative Office of the Courts'
Dependency-Neglect Attorney
Ad Litem Program                                              DEFENDANTS

## ORDER

1.      The Court commends the parties for collaborating and
resolving the remaining merits issues.  The Court will convert the
preliminary injunction into a permanent injunction in its Judgment.

2.      A dispute about attorney's fees remains.  The case was
short-lived but litigated tenaciously.  Copeland's lawyers seek $52,756
in fees ($29,490 to Jonathan Horton, $22,750 to Bettina Brownstein, and
$516 to paralegal Dee Dee Lantz) and $578.20 in costs. *Doc. 26 at 9, 17.*
Sullivan and McDonald ask the Court to take a closer look at the time
Copeland's lawyers spent on the case, but they don't object to the
hourly rates or costs requested. *Doc. 28 at 2.* The Court must determine
the number of hours reasonably expended multiplied by a reasonable
hourly rate, and make any appropriate reductions. *Hensley v. Eckerhart,*

461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010).

3.      Horton requests 98.3 hours, Brownstein 65 hours, and Lantz 4.3 hours.  Sullivan and McDonald seek a 40% reduction in those hours, for what they believe was excessive pre-filing work, redundant motion practice, and unnecessary lawyer-to-lawyer and lawyer-to-client communication.  *Doc. 28 at 5–6.*

First, the Court sees no reason for a percentage discount on the time spent pre-suit or on the motion for injunctive relief.  A lot of good work was done in a short amount of time, but that's no reason to suspect any of it was unnecessary.  The thorough briefing informed and helped the Court.  It allowed a bench ruling, plus yielded a successful outcome for Copeland.  *Doc. 23.*

Second, the Court commends counsel for scrutinizing the bills and making trims.

Third, while the collaboration between experienced and able counsel was no doubt beneficial, the Court does not believe the market would support two partners on this case.  The norm would be one experienced lawyer and one green associate.  To capture that truth in the numbers, the Court will therefore use a blended hourly rate of $275 for both lawyers.  In addition, the Court cuts $3,382.50 — to discount for the media-related time and some excess time on communications between counsel and among them and the clients.  *E.g., Doc. 25-1 at 11;*

*Doc. 25-1 at 17.* The paralegal hourly rate is a bit high, but this is at the margin.

All material things considered, the reasonable fee is $42,041, which reflects 151 hours at $275/hour for the lawyers plus the requested paralegal time.

Though the issue is not raised, the Court must make one $120 trim in the costs. Fees for private process servers are not recoverable. The statute allows this fee only if the Marshal serves process. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).

\* \* \*

Joint motion for injunctive and declaratory relief, *Doc. 27*, granted. Copeland's motion for costs and attorney's fees, *Doc. 25*, granted as modified. The Court awards $42,041 in attorney's fees and $458.20 in costs. Copeland's lawyers may divide the fee as they decide.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

*19 October 2021*